IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


CALVIN DEAN PETERS,

       Plaintiff,

v.                                                                                           No. CIV 08-0268 MCA/WDS

JOE WILLIAMS,
VINCENT WIGGINS,

       Defendants.


MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis.  Based on the information about Plaintiff's financial status, the Court finds that he is unable to make an initial partial payment pursuant to § 1915(b)(1).  For the reasons below, Plaintiff's complaint will be dismissed.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, --- U.S.

---, ---, 127 S. Ct. 1955, 1974 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, beginning in 2000, the New Mexico Department of Corrections adopted policies that significantly reduced the amount and variety of legal materials and library facilities in its prisons.  As a result, Plaintiff asserts, he has been "unable to adequately effectively and timely develop and present" his claims in various legal proceedings.  Plaintiff claims that Defendants' enforcement of these policies has effectively denied him access to the courts, in violation of his rights under the First Amendment.  The complaint seeks damages and equitable relief.

Plaintiff's allegations do not support a constitutional claim.  Even assuming the truth of the allegations for purposes of this opinion, Plaintiff does not allege "relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents, *id.* at 350.  The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.' " *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)).  "[Plaintiff's] statements appear to suggest that the State must enable the prisoner . . . to litigate effectively once in court.  These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds* cases, and we now disclaim them." *Lewis*, 518 U.S. at 354 (citing *Bounds*, 430 U.S. at 825-826, and n.14).  Because Plaintiff does not allege active interference with his preparation and filing of papers, no relief can be granted on his claim.  The Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's initial partial payment toward the filing fee is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and judgment will be entered.

SO ORDERED this 30th  day of September, 2008.

_____
M. CHRISTINA ARMIJO
United States District Judge